UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ALLYN TODD NELSON,<br><br>Petitioner,<br><br>v.<br><br>PJ CHEESE, INC.,<br><br>Respondent. | CIVIL ACTION NO.<br>4:20-CV-00242-JPB |

# ORDER

This matter is before the Court on Allyn Todd Nelson's ("Petitioner") Combined Motion to Confirm Arbitration Award and to Award Fees and Costs [Doc. 9]. This Court finds as follows:

## BACKGROUND

Petitioner was employed by PJ Cheese, Inc. ("Respondent") as a pizza delivery driver. [Doc. 1, p.1]. On May 16, 2019, Petitioner filed a Statement of Claim and Demand to Arbitrate with the American Arbitration Association. Id. at 3. In the claim, Petitioner alleged that Respondent violated the Fair Labor Standards Act ("FLSA"). Id. A final arbitration hearing was held on August 26, 2020. Id. Thereafter, on October 20, 2020, the arbitrator awarded Petitioner

$5,198.48 for actual damages, $5,198.48 for liquidated damages and $153,867.32 in attorney's fees and costs.  Id. at 4.

On October 22, 2020, Petitioner timely filed his Petition to Confirm Arbitration Award.  Id. at 1-6.  On November 30, 2020, Petitioner filed the instant Combined Motion to Confirm Arbitration Award and to Award Fees and Costs. [Doc. 9].  In the motion, Petitioner asks this Court to confirm the arbitration award and award $5,045.00 in fees associated with obtaining confirmation.  Id. at 6. While Respondent did not file a response to the instant motion, Respondent did file an answer to the Petition to Confirm Arbitration Award.  [Doc. 8].  In the answer, Respondent agrees that the arbitration award should be confirmed but objects to any award of fees.  Id.

## ANALYSIS

1. Confirmation of the Arbitration Award

This Court will first consider whether the arbitration award should be confirmed.  Under the Federal Arbitration Act ("FAA"), a court must confirm an arbitration award unless it finds specific grounds to vacate, modify or correct it.  9 U.S.C. § 9.  Having reviewed and considered the arbitration award, the Court finds no grounds for vacation or modification of the award.  As such, the arbitration

award is **CONFIRMED**.  The Clerk is **DIRECTED** to enter judgment in favor of Petitioner in the amount of $164,264.28.

2. Attorney's Fees and Costs

Petitioner requests $5,045.00 in fees in connection with obtaining confirmation of the arbitration award, and Respondent opposes any such request.  Respondent argues that attorney's fees are not permissible under the FAA.  Respondent further argues that attorney's fees are not permissible under the FLSA because this is not an action brought pursuant to the FLSA but pursuant to the FAA.

Respondent is correct that the FAA generally does not authorize a district court to award attorney's fees to a party who successfully obtains confirmation of an arbitration award.  Shop Teks Equip. Specialists, Inc. v. NorAm, Inc., No. 1:12-CV-02378, 2014 WL 12699274, at *3 n.3 (N.D. Ga. Oct. 27, 2014) (collecting cases).  An important exception to this rule exists, however.  In fact, an award of attorney's fees is warranted if authorized by statute, the agreement providing for arbitration or some other obligation.  Id.

The FLSA provides that a prevailing plaintiff should be awarded reasonable attorney's fees and costs.  Specifically, 29 U.S.C. § 216(b) instructs that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a

3

reasonable attorney's fee to be paid by the defendant, and costs of the action." Moreover, the Eleventh Circuit Court of Appeals has recognized that the FLSA "plainly requires" that a plaintiff who receives a judgment in his favor is entitled to attorney's fees and costs.  Dionne v. Floormasters Enters., Inc., 667 F.3d 1199, 1205 (11th Cir. 2012).  Because the FLSA provides that a plaintiff who receives a judgment in his favor is entitled to attorney's fees and costs, this Court finds it appropriate to award Petitioner the attorney's fees that he incurred in confirming the award.  See Thomas v. Grease Guard, LLC, No. 1:14-CV-619, 2018 WL 1137183, at *1 (N.D. Ga. Jan. 5, 2018) (awarding attorney's fees under the FLSA for the costs incurred in confirming the arbitration award).  See also Ashton v. PJ La., Inc., No. 19-901, 2020 WL 1068161, at *2 (W.D. La. Mar. 3, 2020) (awarding attorney's fees incurred in the confirmation of the arbitration award and recognizing that other district courts have done the same in FLSA cases).

Regarding the amount of fees to be awarded, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Typically,

> [i]n calculating a reasonable award of attorneys' fees, a district court must first calculate the "lodestar" amount—the number of hours reasonably expended multiplied by a reasonable hourly rate.  A reasonable hourly rate is the prevailing market rate in the relevant

4

> legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The district court is "itself an expert" on the reasonableness of hourly rates and may consider its own knowledge and experience on the topic. Further, the fee applicant must provide the district court with detailed evidence about the reasonable hourly rate, as well as records to show the time spent on the different claims and the general subject matter of the time expenditures set out with particularity. In addition, a well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

Anthem Indus., LLC v. Dawson, No. 1:16-CV-03386-ELR, 2017 WL 6996371, at *5 (N.D. Ga. Oct. 31, 2017).

Respondent has not contested the reasonableness of the hourly rates or the reasonableness of the hours expended. This Court will nevertheless review the affidavits and billing records for reasonableness. Beginning with the hourly rates, Petitioner's fee request is based on an hourly rate of $500.00 for the legal services of Mark Potashnick, an hourly rate of $450.00 for the legal services of Eli Karsh and an hourly rate of $450.00 for the legal services of Andrew Weiner. After considering the affidavits submitted, this Court finds that this rate falls within the range of the prevailing market rates for persons with similar experience, skill and reputation. Thus, the Court concludes that the respective rates billed are reasonable.

As to the hours billed, the submitted records show a combined 10.5 hours billed. Having carefully reviewed the hours, the Court finds that they are

reasonable. Ultimately, this Court finds that Petitioner's request for attorney's fees is reasonable, and thus the Court will award attorney's fees in the amount of $5,045.00.

This Court will also award $550.00 in costs. Respondent does not dispute that costs are appropriate under Federal Rule of Civil Procedure 54(d)(1), which states that costs, other than attorney's fees, "should be allowed to the prevailing party."

## CONCLUSION

For the foregoing reasons, Petitioner's Combined Motion to Confirm Arbitration Award and to Award Fees and Costs [Doc. 9] is **GRANTED**. **IT IS HEREBY ORDERED** that the arbitration award is confirmed. **IT IS FURTHER ORDERED** that Petitioner is awarded $5,045.00 in attorney's fees plus $550.00 in costs. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 17th day of June, 2021.

J. P. BOULEE
United States District Judge