UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ALLYN TODD NELSON,<br><br>　　　　Petitioner,<br><br>v.<br><br>PJ CHEESE, INC.,<br><br>　　　　Respondent. | CIVIL ACTION NO.:<br>4:20-CV-00242-JPB |

# ORDER

This matter is before the Court on Allyn Todd Nelson's ("Petitioner") Motion for Fees and Costs Incurred in Collecting Fair Labor Standards Act ("FLSA") Judgment [Doc. 22]. This Court finds as follows:

## BACKGROUND

Petitioner was employed by PJ Cheese, Inc. ("Respondent") as a pizza delivery driver. [Doc. 1, p. 1]. On May 16, 2019, Petitioner filed a Statement of Claim and Demand to Arbitrate with the American Arbitration Association alleging that Respondent violated the FLSA. Id. at 3. On October 20, 2020, the arbitrator awarded Petitioner $5,198.48 for actual damages, $5,198.48 for liquidated damages and $153,867.32 in attorney's fees and costs. Id. at 4.

Petitioner filed a Petition to Confirm Arbitration Award against Respondent on October 22, 2020. Thereafter, on November 30, 2020, Petitioner filed a Combined Motion to Confirm Arbitration Award and to Award Fees and Costs. [Doc. 9]. The motion was granted on June 17, 2021. [Doc. 17]. Specifically, the Court affirmed the arbitration award in the amount of $164,264.28 and awarded Petitioner $5,045 in attorney's fees plus $550 in costs. The Clerk subsequently entered the judgment.

Respondent refused to voluntarily pay the judgment. As a result, Petitioner began collection efforts on August 4, 2021, by instituting suit in the United States District Court for the Eastern District of Missouri. Because Respondent contested those proceedings, the judgment was not collected until February 14, 2023. According to Petitioner, he incurred an additional $53,934 in attorney's fees due to Respondent's efforts to evade collection of the judgment.

On February 24, 2023, Petitioner filed the instant Motion for Fees and Costs Incurred in Collecting FLSA Judgment. [Doc. 22]. The motion is now ripe for review.

## ANALYSIS

I.  **Right to Recover Additional Fees and Costs**

The FLSA is a fee-shifting statute. As such, "[p]revailing FLSA plaintiffs are 'automatically entitled to attorneys' fees and costs.'" P&K Rest. Enter., LLC v. Jackson, 758 F. App'x 844, 847 (11th Cir. 2019) (quoting Dale v. Comcast Corp., 498 F.3d 1216, 1223 n.12 (11th Cir. 2007)). Petitioner has already been awarded his attorney's fees as they relate to the arbitration proceeding and the filing of the petition to confirm arbitration award. Petitioner now asks the Court to award his attorney's fees that he incurred to collect the judgment.

The Eleventh Circuit Court of Appeals has not yet addressed whether attorney's fees may be awarded for post-judgment collection efforts in an FLSA case. Within the circuit, district courts have taken different approaches. For example, one court in the Southern District of Florida determined that "reasonable attorney's fees for collecting a final judgment are available under the FLSA." DiFrancesco v. Home Furniture Liquidators, Inc., No. 06-21709, 2009 WL 36550, at *5 (S.D. Fla. Jan. 6, 2009). In pertinent part, the court reasoned that nothing under the FLSA "'suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality.'" Id. (quoting Free v. Briody, 793 F.2d

807, 808 (7th Cir. 1986)).  Indeed, the court explained that "'[i]t would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal.'"  Id. (quoting Free, 793 F.2d at 808).  Another court in the Southern District of Florida reached the opposite result.  Cimeus v. Vestige Security Inc., No. 17-8067, 2017 WL 9288587, at *4 (S.D. Fla. Sep. 28, 2017).  While the facts of that case are not completely analogous because the prevailing party asked for an award of future fees that were not yet incurred, the court, without much explanation, denied the prevailing party's request stating that it "was not bound to follow the decisions of other judges in the same district."  Id.

The Court finds the reasoning of DiFrancesco persuasive and concludes that reasonable attorney's fees for collecting a final judgment are available under the FLSA.[1]  Ultimately, the Court finds that the FLSA provides statutory authority

---

[1] In cases involving other fee-shifting statutes, courts have concluded that fees incurred in post-judgment collection efforts are recoverable.  See Jenkins by Jenkins v. State of Mo., 127 F.3d 709, 716 (8th Cir. 1997) ("Reimbursement for post-judgment litigation fees can be as important as pre-judgment fees in accomplishing the purpose of section 1988"); Free v. Briody, 793 F.2d 807, 809 (7th Cir. 1986) (allowing attorney's fees for post-judgment collection efforts in an ERISA case); Van Dyke v. BTS Container Serv., Inc., No. 08-561, 2010 WL 56109, at *1 (D. Oregon Jan. 4, 2010) (awarding post-judgment collection fees in a case brought pursuant to the Federal Communications Act because "[w]ithout such award, a judgment is a hollow victory for a plaintiff who was improperly paid.").  Because the FLSA is a fee-shifting statute, these cases are instructive.  Moreover, courts outside of the Eleventh Circuit have determined that post-judgment fees are appropriate in an FLSA case.  Lima Lucero v. Parkinson Const. Co., No. 18-515,

"not only to award fees in the initial action but also in any action . . . to enforce the judgment obtained in that initial action." DiFrancesco, 2009 WL 36550, at *5.

Respondent does not dispute that attorney's fees may be awarded for post-judgment collection efforts in an FLSA case. Instead, Respondent argues that Petitioner is not entitled to fees because (1) the motion is time-barred under Federal Rule of Civil Procedure 54 and (2) the fees and costs were not incurred in the FLSA action. These arguments are without merit.

1. Timeliness

As stated above, Respondent argues that Petitioner's motion is time-barred by Federal Rule of Civil Procedure 54(d)(2). That rule states that "[u]nless a statute or a court order provides otherwise," a motion for attorney's fees must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2). Importantly, this rule only "applies to initial motions for attorneys fees, but not to supplemental petitions for post-judgment work." Smith v. Bd. of Trustees of Univ. of Fla., No. 1:04cv106, 2008 WL 5381506, at *1 (N.D. Fla. Dec. 18, 2008); see also Bianco v. Erkins, 341 F. App'x 329, 331 (9th Cir. 2009) (holding that a

---

2020 WL 4464497, at *2 (D.C.C. Aug. 4, 2020) (collecting cases and holding that a "prevailing plaintiff is entitled to an award of reasonable attorneys' fees," and "[t]his award may include attorneys' fees incurred as a result of post-judgment collection efforts").

5

request for attorney's fees was not time-barred where the plaintiff sought "an award for postjudgment attorneys' fees and costs incurred in attempting to collect on a judgment, not an award of fees as a prevailing party that would be subject to the federal or local rules requiring that requests be made within fourteen days").

In the instant motion, Petitioner does not request an initial award of attorney's fees. Instead, this is a supplemental petition for post-judgment work. Consequently, the Court finds that Rule 54(d)(2) is not applicable. Because Petitioner moved for fees shortly after successfully collecting the judgment, the Court finds that Petitioner's request for fees is timely.

2. Federal Arbitration Act ("FAA")

In his second argument, Respondent argues that attorney's fees are inappropriate here because the instant action was brought pursuant to the FAA and not the FLSA. The Court previously rejected this argument, and the Court sees no reason to alter its previous order.[2] Indeed, Defendant cites no authority that

---

[2] In the Court's previous order, the Court found that because the FLSA provides that a plaintiff who receives a judgment in his favor is entitled to attorney's fees and costs, Petitioner was entitled to attorney's fees that he incurred in confirming the award. See Thomas v. Grease Guard, LLC, No. 1:14-CV-619, 2018 WL 1137183, at *1 (N.D. Ga. Jan. 5, 2018) (awarding attorney's fees under the FLSA for the costs incurred in confirming the arbitration award). See also Ashton v. PJ La., Inc., No. 19-901, 2020 WL 1068161, at *2 (W.D. La. Mar. 3, 2020) (awarding attorney's fees incurred in the confirmation of the arbitration award and recognizing that other district courts have done the same in FLSA cases).

supports its position that attorney's fees are not available here. In the interest of judicial efficiency, the Court will not restate its reasons for finding that attorney's fees are authorized in this case. As such, the rationale contained in the Court's previous order [Doc. 17] is fully incorporated herein. Ultimately, for the same reasons that attorney's fees were awarded to compensate Petitioner for his efforts to confirm the arbitration award, attorney's fees should likewise be awarded to compensate Petitioner for his efforts to collect the judgment.

***

To conclude, this Court finds that under the FLSA, a prevailing party is entitled to an award of attorney's fees for post-judgment collection efforts. The Court further finds that the motion is not time-barred and that the fee-shifting provision of the FLSA applies even though the action was brought under the FAA.

## II.     Amount of Fee Award

Having determined that Petitioner is entitled to an award of reasonable attorney's fees incurred in collecting the judgment, the Court next addresses the appropriate amount of that fee award. In conducting this analysis, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Typically,

> [i]n calculating a reasonable award of attorneys' fees, a district court must first calculate the "lodestar" amount—the number of hours reasonably expended multiplied by a reasonable hourly rate. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The district court is "itself an expert" on the reasonableness of hourly rates and may consider its own knowledge and experience on the topic. Further, the fee applicant must provide the district court with detailed evidence about the reasonable hourly rate, as well as records to show the time spent on the different claims and the general subject matter of the time expenditures set out with particularity. In addition, a well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

Anthem Indus., LLC v. Dawson, No. 1:16-CV-03386-ELR, 2017 WL 6996371, at *5 (N.D. Ga. Oct. 31, 2017).

Respondent has not contested the reasonableness of the hourly rates or the reasonableness of the hours expended. This Court will nevertheless review the affidavits and billing records for reasonableness. Beginning with the hourly rates, Petitioner's fee request is based on an hourly rate of $500 for the legal services of Mark Potashnick and an hourly rate of $300 for the legal services of Brian Cahn. After considering the affidavits submitted, [Doc. 23-1]; [Doc. 22-19], this Court finds that these rates fall within the range of the prevailing market rates for persons with similar experience, skill and reputation. Thus, the Court concludes that the respective rates billed are reasonable.

As to the hours billed, the submitted records show a combined 125.95 hours billed.  Having carefully reviewed the billing records, the Court finds that the hours are reasonable and reflect the work done by Petitioner's counsels.

In total, Petitioner seeks $52,434 in attorney's fees, which is comprised of $43,500 for the legal services of Mark Potashnick and $13,584 for the legal services of Brian Cahn less $1,500 for Region Bank's previous payment.  Ultimately, this Court finds that Petitioner's request for attorney's fees is reasonable, and thus the Court will award attorney's fees in the amount of $52,434.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Fees and Costs Incurred in Collecting FLSA Judgment [Doc. 22] is **GRANTED**.  Respondent is **HEREBY ORDERED** to pay Petitioner $52,434.

**SO ORDERED** this 12th day of July, 2023.

_____
J. P. BOULEE
United States District Judge